# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **OMAR ALI**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 4053 |
| | ) |
| **VILLAGE OF TINLEY PARK**, | ) |
| a municipal corporation, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This Court's January 7, 2015 memorandum opinion and order ("Opinion") rejected the effort of the municipal and individual defendants to cut off at the pass the federal claims advanced against them by plaintiff Omar Ali ("Ali"). Defendants have now filed their Answer to Ali's First Amended Complaint ("FAC"). This memorandum order is issued sua sponte because of a few problematic aspects of that responsive pleading.

First, each of Answer ¶¶ 4 and 6 contains a locution self-created by defense counsel that does not conform to what the rules require of any defendant who cannot properly comply with Fed. R. Civ. P. ("Rule") 8(b)(1)(B). In those circumstances it is just not true that defendants who "have no knowledge" as to some plaintiff's allegations "must deny said allegations at this time," as defense counsel say in those paragraphs. Instead the framers of the Rules devised Rule 8(b)(5) for that eventuality, and every defendant must conform to that formulation if that can be done in the subjective and objective good faith demanded by Rule 11(b).

Some aspects of defendants' asserted affirmative defenses ("ADs") are also problematic. Here are some particulars:

1. Defense counsel takes an impermissibly constricted view of the notion of "a clearly established constitutional right" in advancing an argument of qualified immunity via AD 1. It has long been well established that a state actor's imposition of excessive force on an individual constitutes an actionable "seizure" for Fourth Amendment purposes, and any effort to argue that such a constitutional violation is clearly established where (say) a policeman hits a person over the head with a billy club but not where a firefighter gratuitously focuses a powerful spray from a fire hose on an individual harks back to the common law days when a lawyer might attempt to argue that the precedent urged by his or her adversary "is a black-horse case, while this is a white-horse case." Hence AD 1 is stricken.

2. Both ADs 2 and 3 state truisms and can be left alone.

3. Although AD 4 sets out a Monell-based defense, 42 U.S.C. § 1983 ("Section 1983") is not at all the predicate for Ali's joinder of the Village of Tinley Park as a co-defendant. Instead FAC ¶ 16 makes it plain that the Village is included as a defendant solely on an indemnification claim, which depends on its state law obligation and not Section 1983. Accordingly AD 4 misses the mark entirely, and it too is stricken.

4. AD 5's assertion that defendant firefighters were not acting under color of state law is not a proper AD, for it does not credit FAC ¶ 5's allegation on that score. More importantly, Answer ¶ 5's response to that allegation has

already denied it, so that the AD is unnecessarily duplicative and is stricken as well.

Because only Answer ¶¶ 4 and 6 need reworking, defense counsel is ordered simply to file an amendment to the Answer (not a fully self-contained amended answer). That amendment is ordered to be filed on or before February 6, 2015.

                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: January 26, 2015